[Cite as *State v. Jones*, 2016-Ohio-669.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-1041 |
| v. | : | (C.P.C. No. 05CR-2681) |
| Keith L. Jones, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 23, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

**On brief:** *Keith L. Jones,* pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Keith L. Jones is appealing from various rulings in the Franklin County Court of Common Pleas. He assigns six errors for our consideration:

> [I.] THE TRIAL COURT ERRED WHEN IT FOUND THE MOTION FILED SEPTEMBER 29, 2015 TO CORRECT THE VOID JUDGMENT PURSUANT TO CRIMINAL RULE 32 TO BE A MOTION FOR POST CONVIXCTION [SIC] RELIEF PURSUANT TO R.C. 2953.21.
>
> [II.] THE TRIAL COURT ERRED WHEN IT FAILED TOP [SIC] SENTENCE APPELLANT TO COMMUNITY CONTROL ON EACH COUNT OF CONVICTION.
>
> [III.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO SENTENCE APPELLANT TO A [SIC] COMMUNITY CONTROL ON COUNTS 1 & COUNT 4.

[IV.] THE TRIAL COURT ERRED WHEN IT TREATED APPELLANT'S COMMUNITY CONTROL VIOLATION AS A PROBATION VIOLATION HEARING PRIOR TO THE ENACTMENT OF SENATE BILL 2.

[V.] THE TRIAL COURT ERRED WHEN IT VIOLATED APPELLANT'S COMMUNITY CONTROL FOR NON PAYMENT OF COURT COST WHEN APPELLANT WAS NOT MADE AWARE OF THE FACT THAT COMMUNITY SERVICE COULD BE PERFORMED IN LIEU OF COST.

[VI.] THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE NOTIFICATION TO THE APPELLANT OF THE CONSEQUENCES OF VIOLATING COMMUNITY CONTROL.

{¶ 2} Years after he was sentenced to prison for a number of felony convictions, Jones filed a document entitled "Motion to Correct Void Judgment." A seventeen count indictment had charged Jones in Spring 2005. With the help of his counsel, Jones had entered into a plea bargain under the terms of which Jones had pled guilty to two felonies and the remaining charges were dismissed.

{¶ 3} Jones failed to show up for court on the day he was scheduled for sentencing. As a result, he was finally sentenced over two and one half years later. The trial court judge assigned to his case sentenced Jones to ten years of incarceration but stayed the sentences for a period of five years of community control.

{¶ 4} Jones did not comply with the conditions of his community control and, in March 2010, a warrant for his arrest was issued. In May 2011, he appeared in court and admitted that he had not complied with the conditions of his community control. The trial court judge ordered that the ten year sentence be enforced.

{¶ 5} Jones pursued a direct appeal of his ten year sentence. A panel of this court upheld the revocation and sentence.

{¶ 6} Jones followed with a motion in the trial court. The judge overruled the motion.

{¶ 7} Jones again appealed and a panel of this court again affirmed the action of the trial court.

{¶ 8} Jones filed more motions and lost on each one. A panel of this court again affirmed as to each motion.

{¶ 9}   More recently, Jones filed the motion currently on appeal.  The trial court considered it to be a petition for post-conviction relief.  As such a petition, the filing was untimely.

{¶ 10} We agree with the trial court that the most recent motion is in fact an untimely petition for post-conviction relief.

{¶ 11} We also note the issues Jones now wishes to pursue were presented or could have been presented in one of his prior appeals.  As a result, the issues are subject to the doctrine of res judicata.  In short, for a number of reasons, Jones is not entitled to relief.

{¶ 12} We note in addition that Jones did receive community control, but simply could not honor or appreciate the kindness of his sentencing judge in allowing him still the opportunity to live a law abiding life.

{¶ 13} None of the assignments of error presented by Jones have merit.  They are all overruled.  The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and HORTON, J., concur.

———————————————